Good morning, please be seated, ladies and gentlemen. Before we begin our scheduled activities this morning, we have a motion to entertain on these pleasant occasions when we welcome departing law clerks into the community of the bar. So I will ask Judge Rayner to make a motion. Thank you, Judge Lori. Andrew, could you stand? So it's been one year since you joined my chambers as a law clerk. It must have gone by really fast for you. You know they say that time flies when you're having fun, but the real secret is that it really flies when you're working hard. So this must have been a real blur for you. I say that because of your work ethic, which has been steady and the product of that work has been excellent. And I know that before me, in the will of this court, stands an attorney that will bring honor and distinction to our legal profession. Thank you. Judge Hughes, we have to consider this. I think it's OK. Of whom it has spoken so well, as Judge Rayner did, deserves to be a member of the bar. We grant the motion. Please take the oath. Please raise your right hand. Do you solemnly swear or affirm that you will report to the senate that the attorney and counsel of this court, upright and according to law, will continue to support the Constitution of the United States of America? I do. Welcome to the Bar of the United States Court of Appeals of the Federal Circuit. Congratulations. We have on our calendar this morning five appeals. Three argued cases, all patent cases. Two from the board. One from the district court in Delaware. And we also have two submitted cases that will not be argued. A case from the Court of Federal Claims, a vaccine case, and a government employee case from arbitrators. Our first case is In Re Smith International, 2016-2303. Mr. Cavill? Cavill. Thank you. Cavill. Please proceed. May it please the court. As used in the 817 patent, the term body has a definite structural term which represents a specific component that is the outer housing of the claim tool. The claim body is not the mandrel. It does not include the mandrel. And it does not include any other specifically identified interior components of the tool. The term body is used consistently throughout the specification as a separately identified component using the reference numeral 510 every time. The term body is never applied to any other component of the tool within the specification. And it's shown, the body 510 in the figures, as having a separate hatch pattern distinguishing it from the other components, such as the mandrel. Even the drawings in the employee's own brief show that the patent itself teaches what is the body and what is not the body. Just as green isn't the same as the color orange, which are the colors that the employee chose in identifying the body as green and the mandrel as orange, to be consistent with the argument that the board had taken, that it was just a structural placeholder or that the examiner had taken, that it could include any component, you would think the employee would then have to color all components except the arm green. Well, you have a rejection over Edison. And when I look at the structure of the Edison figure one, that also denominates that the body is separate and the mandrel separate. So why isn't the rejection sound, irrespective of how we construe body? Oh, the rejection is not sound because of what you've exactly pointed out. The body in Edison is shown as separate from the mandrel. It's a different component. And then there's a component in it. But you just said the body of your invention is separate from the mandrel as well. Correct. And in order to make the rejection that the examiner made and the board upheld, they had to take the body and the mandrel and the cam of Edison, which are three separate components, and say, we're going to construe all of those as the body, and then compare that to the specification of the 817 patent, not even the claim. And so as used in the specification, we can say body is broad. The claim doesn't include a mandrel. So we can say that the body in the claim includes everything. But in both. Your argument is that the construction, although broad, it was unreasonable. Is that correct? That is correct. Why is it unreasonable? Well, it's unreasonable because it's incorrect as a matter of law. You can't have a broadest reasonable interpretation that is inconsistent with the specification, that is inconsistent with how a term is used commonly in the art. And as we've seen in the specific. Start with the claims. Is it inconsistent with the claims? It is. It is inconsistent with the claims because the claims say an arm and a body with other specific features, but don't claim. The claim that we were talking about didn't claim other components. It's a comprising claim, so it doesn't have to list all of the components. The mandrel is still part of the tool, but it is never part of the body. And that's consistent with how it is used throughout the specification. It's consistent with how it's used in Edison. In claim one of Edison, it says an arm or cutter, a body, and a mandrel. I still don't. I'm baffled by this case because I don't think either of you addressed what the ramifications of the proper claim construction on a body are on the anticipation and the obviousness questions. You just quibble over the proper construction and leave aside for me to guess from the examiner's decision what difference it makes. What difference does it make whether we construe body your way or body the PTAB's way? So it makes a big difference. In the 817 patent, one of the inventive features is that the arms have an engagement directly to the body. And it's described in the specification in appendix 42, column 10, around line 38, that the interconnection of the arms directly to the body creates a more robust tool, gives it more strength, more surface area contact. There is no interconnection of channels and engagement between the arms and the body in Edison. In Edison, the- So that gets rid of the anticipation argument. Correct. Does it get rid of the obviousness argument? It does as well. Because there is no reference that the patent office, the examiner ever found, that has any connection between the arm and the body that creates this more rigid structure that is talked about in the patent. Specifically, even- Do they find it would be obvious to create such a structure? Well, it's a completely different way of building a tool. That's not answering my question. Yes, sir. It can be a completely different way of doing it if it would have been obvious to a skilled artisan. I don't think there's any possibility of obviousness because the base reference is so different. And if we look- Did the examiner find that? The examiner did not find it. So the examiner basically relies on the notion that the body is so broad that the arm, or the equivalent of the arm in Edison, is connected to the body in both. That's correct. So if we reverse on the claim construction, do we have to remand to the board to make a nondesense determination? I don't think so. Because on this record, we've been through six office actions in the underlying proceeding, the re-examination. There is only one reference that the examiner put forward throughout to say, this shows where the body connects to the arms. And that was Edison. The other references, Jukes and Wardley, have really nothing to do with the body. Those are for other issues on the pending claims. So on this reference, there is nothing. I think the scope and content of the prior art is not in dispute. I don't think there's any dispute that what Edison has is the arm attached to a cam sleeve. The cam sleeve is attached to a mandrel. The mandrel and the cam sleeve slide within the body, but are not the body. So I don't think there's a dispute about that unless the claim construction stays as is. The only issue is claim construction. Once we get through the claim construction, I don't think the scope and content of the prior art are in dispute. I don't think the comparison of the claims to the prior art is in dispute. And the only thing that would be left on obviousness would be secondary considerations, which would be our evidence. But there's nothing in the record that would support an obviousness rejection if the body is not this generic placeholder that the examiner and the board said it was. If you want to save the remainder of your time, that's fine. Or else continue. No, I think I will save the remainder of my time. Ms. Dowling, good morning. May it please the court. I'm just going to say a couple of things and then unless the court has any questions, sit down. The claims at issue in this case require a tool with just two elements, a body and a movable arm. The claims under re-examination are not all of the claims in the patent. So more than half of the original claims in the 817 patent were not subject to re-exam. And during re-exam, 12 claims were allowed. So including those added claims, the 817 patent currently has 62 valid claims, most of which limit the tool body to require certain features. The 30 claims that are at issue today are represented by claim 28, which cites no limitations on the body. The term body is broad. And when you speak of a body, no specific image comes to mind as compared to a part like a piston or a spring or even screw threads. Even Smith has conceded that the body is broad enough to encompass any shape, any configuration, any function, and further that it can be made of any number of parts. It seems to me, Counselor, that the specification of the 817 patent consistently refers to the body as separate and independent from the component. It's a separate component from the overall tool. Your Honor, the specification does include some discussions of a mandrel, and a body, and numbers them differently in the figures as we briefed. The first discussion of a mandrel is at appendix 41. And there is some discussion there. But the claims don't include a mandrel at all and don't limit the body at all. But didn't the board kind of concede or agree that the specification, and I'm quoting, describes a body as a discrete element separate from the other elements? Yes, the board did acknowledge that in these passages on appendix 41 and 43, that there was some discussion of a body numbered separately from a mandrel. So if we're required to read claims in light of the specifications and the teachings of the overall pen, how is it that we can say that the interpretation that the board arrived for body was reasonable? Well, Your Honor, the proper place to start claim interpretation is with the claims. And while it's true that. Sure, but if there's nothing in the specification that suggests that this broad reading is permissible, that every time the term is used, it's used in a more narrow way, the specification has to be read together with the claims, does it not? Well, Your Honor, I would. Otherwise, it's unreasonable. The specification does use the two terms distinctly in certain passages, but. Is there any place where it uses it more generally? Yes, for the first six and a half columns of the specification, it discusses body throughout and doesn't mention a mandrel until it gets to the bottom of column seven. No, I don't think that answers the question. Does it ever use the body to encompass more than just the, what do they call it, the outer sleeve or whatever? Or does it, when it's talking about, does it ever call the entire structure, including the mandrel, the body? It never specifies that, no. It never specifies, it doesn't define what a body is. But it also doesn't define the body as an outer housing or an outer sleeve. Those words. I mean, it's a part, right? I mean, the whole thing is a tool. They use the word tool to describe the whole thing. They don't use the word body to describe the whole thing. And when they do discuss the body in the context of the mandrel, they're distinguishing them from each other, are they not? Yes, I would agree that when the mandrel is discussed, it is. So any time that they're using the two terms together, they treat them separately. So how could we reasonably read that in the claim to treat them as the same? Your Honor, the only reasonable way to read the claim, if you look at the claim in Claim 28, is very broadly. Because there are only two elements in the claim at all. And the arm has some limiting features there. But the body is unlimited by any other claim terms. And we're looking at Claim 28, it says a body and at least one pivotal movable arm. It seems that even that language, there's a distinction between a body and the one arm. Yes, we are not disputing that there is a distinction between the body and the movable arm, because the arm is a claimed element. So hypothetically, if that claim added in one of those other portions, but still didn't include the mandrel, would you then include the mandrel in the body? No. Hypothetically, if the body were claimed with the arm and, say, a cam sleeve, then the body would have to be distinct from the cam sleeve and the arm. But not the mandrel. No. But if the mandrel were claimed. That seems pretty much a reach, that you're saying, the body is everything in the tool, except that which is not specifically claimed as part of the body. Even though we know that in other parts of the patent, and everywhere in the specification, when they talk about the body in connection with another part, the body is always distinct from that other part. There is a claim in which the body is claimed with a stinger. That's claim 17 on appendix 14. However, that claim is dependent on a different independent claim, claim 1, in which the body is materially different and modified by other elements. Can I ask you about the obviousness question? Was there any suggestion by the examiner, or is there anything in the record that would suggest that the claims that were found to be obvious would still be obvious if we adopted a more limited construction of body? No, the body, the examiner relied on that construction of body throughout examination of the end. So if we agree with your friend, this is just a reverse. It's not a remand. It would be a remand with a- Well, a remand to get rid of the invalidity findings, but not to reopen the obviousness question. I believe, Your Honor, it would be a remand with the construction that you find. Yes. There are no further questions. Thank you, counsel. Mr. Kevel has plenty of response time if you need it. Thank you, Your Honor. I think I just want to respond to a few points. One, counsel said most of the claims have limitations on the body, and that is incorrect. Most of the claims just say a body or a tubular body, which in essence is the same thing. And I don't think the argument that having tubular body in claim one creates a whole different regimen of the claims, where you can't look at the fact that there were dependent claims that have mandrills. I think to the extent we had said a green body in claim one, it wouldn't add any more structure. Tubular is really just an adjective. The body is still the outer housing. My opponent also said Smith has conceded that the body can be any shape, any configuration, any function. It still has to be the outer housing. And I don't know that it can have any function. But it could have different shapes. It could be the two-piece body. Edison shows a two-piece body, which for purposes of construction was easier for the Edison tool. But it still has to be the body. It still has to be that specific component. Judges, you asked, did the specification ever use the term body to incorporate other parts? It never does. And in fact, if you look at appendix 41 at column 8 around line 36, it talks about an inner mandrill. 560 is the innermost component of the tool, 500. And then it talks about how that mandrill has seals that engage with other components. So it's always referred to as a separate component. As you were pointing out, I would point out one of the problems that I think the court has seen, and it shows up in the appellee's brief at page 22. They say, the tool in claim 28 having a body that includes a mandrill, that tool can comprise many other parts, such as the spring, the spring retainer, the spring caps, the driving pistons, and more. And now we get into, well, what do they fall into, right? So if we had a claim that said, a body, an arm, and a mandrill, where are the spring, and the spring caps, and the retainers? Are those now subsumed within the body, or are they subsumed within the mandrill, right? So there was no requirement, there is no requirement in claiming that we have a picture claim that includes every component of the tool in order to distinguish the tool. So I think with that, if the court has any questions, I'm happy to answer them. Thank you, Mr. Koeppel. We'll take the case under review. Thank you, Judge Lew.